MORGAN, LEWIS & BOCKIUS LLP
BRENDAN E. RADKE, Cal. Bar No. 275284
brendan.radke@morganlewis.com
KEVIN M. BENEDICTO, Cal. Bar No. 305802
kevin.benedicto@morganlewis.com
One Market Street, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000

MORGAN, LEWIS & BOCKIUS LLP
R. BRENDAN FEE, *pro hac vice*
brendan.fee@morganlewis.com
1701 Market Street
Philadelphia, PA 19103-2921
Tel:   +1.215.963.5000

Attorneys for Defendant/Counterclaim Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| INTERVAL EQUIPMENT SOLUTIONS, INC., | Case No.1:16-cv-00512-LJO-SKO |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| SANDVIK MINING AND CONSTRUCTION USA, LLC and DOES 1-10, | |
| Defendants. | |
| SANDVIK MINING AND CONSTRUCTION USA, LLC and SANDVIK INTELLECTUAL PROPERTY AB | |
| Counterclaim Plaintiffs, | |
| vs. | |
| INTERVAL EQUIPMENT SOLUTIONS, INC. | |
| Counterclaim Defendant. | |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information. Special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. Plaintiff/Counterclaim Defendant Interval Equipment Solutions Inc. ("Interval"), Defendant/Counterclaim Plaintiff Sandvik Mining and Construction USA LLC, and Counterclaim Plaintiff Sandvik Intellectual Property AB (collectively, "Sandvik") have therefore agreed to the terms of the Stipulated Protective Order ("Order") as set forth below. Interval and Sandvik (collectively, the "Parties") enter into this agreement to protect the confidentiality of materials containing trade secrets and technical, cost, price, sales, marketing or other commercial information, as contemplated by Federal Rule of Civil Procedure 26(c). Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The Parties acknowledge that the Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under applicable legal principles.

As required by Civil Local Rule 141.1(c)(3), the Parties submit that protection should be addressed by a Court Order, as opposed to a private agreement between or among the Parties. The nature of the claims involved in this action may require discovery into competitively sensitive information, including potentially from third parties. A private agreement between the Parties would be insufficient to alleviate the Parties' concerns that such information remain confidential. Good cause exists for entry of a protective order to prevent unauthorized disclosure and use of trade secrets and confidential commercial information of Parties and Non-Parties during the litigation and after it has been concluded. A protective order will also facilitate timely production of material from both Parties and Non-Parties. Given these concerns, the Parties respectfully request the entry of this Order by the Court.

## 2. DEFINITIONS

2.1. **"CONFIDENTIAL" Information or Items:** Information (regardless of how generated, stored, or maintained) or tangible things that are treated confidentially by a Party or Non-Party.

2.2. **Designating Party:** A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.3. **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4. **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action and who is not a current employee of a Party or of a competitor of a Party.

2.5. "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information and Items:** Extremely sensitive "CONFIDENTIAL Information or Items," the disclosure of which would result in the disclosure of information only known on a "need-to-know basis" and generally not known by individuals not affiliated with a Party, including sensitive information in the categories of (1) trade secrets, (2) other competitively sensitive research, (3) development, (4) production, (5) personnel, (6) commercial, (7) technical, (8) financial, or (9) business information (with information in these categories including but not limited to proprietary information, contracts, bids, corporate planning documents, strategic planning documents, documents that reveal market or customer analyses, competitive strategy, research and development documents, financial statements, and other financial or budgetary documents). There is a particularized need for information in each of these categories to be covered by the Order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of harm to the Designating Party that could not be avoided by less restrictive means.

2.6. **Non-Party:** Any person or entity that is not a Party that produces Disclosure or Discovery Material in this action.

2.7. **Outside Counsel:** Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, including their support staff.

2.8. **Party:** Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, general counsel, outside counsel and their support staff.

2.9. **Producing Party:** A Party or Non-party that produces Disclosure or Discovery Material in this action.

2.10. **Professional Vendors:** Persons or entities that provide litigation support services (including but not limited to photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, and retrieving data in any form or medium), as well as their employees and subcontractors.

2.11. **Protected Material:** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.12. **Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Outside Counsel to or in Court proceedings or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court's order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1. **Exercise of Restraint and Care in Designating Material for Protection.**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4                Case No. 1:16-cv-00512-LJO-SKO
STIPULATED PROTECTIVE ORDER

Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of the material, documents, items, or oral or written communication that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiability within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. **Manner and Timing of Designations.**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

Information in documentary form (*e.g.*, paper or electronic documents, excluding transcripts of depositions or other pretrial or trial proceedings): The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material, in such a manner that will not interfere with the legibility of the document.

Testimony given in deposition or in other pretrial or trial proceedings: The Producing Party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to fourteen (14) days following mailing of the transcript by the court reporter to identify the specific portions of the testimony as to which protection is sought. Counsel attending a deposition who inadvertently fail to designate any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                                  Case No. 1:16-cv-00512-LJO-SKO
STIPULATED PROTECTIVE ORDER

1 portion of the transcript as confidential on the record at the deposition shall have fourteen (14)
2 days following mailing of the transcript by the court reporter to do so.  Only those portions of the
3 testimony that are appropriately designated for protection within the fourteen (14) days following
4 mailing of the transcript by the court reporter shall be covered by the provisions of this Order.
5 Until expiration of the aforesaid fourteen (14) day period, all deposition transcripts shall be
6 considered and treated as confidential material, unless otherwise agreed on the record at the
7 deposition.

Transcript pages containing Protected Material must be separately identified by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

<u>Information produced in some form other than documentary and for any other tangible items</u>:  The Producing Party shall affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    **Timing of Challenges:**  Unless a prompt challenge to Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6               Case No. 1:16-cv-00512-LJO-SKO
STIPULATED PROTECTIVE ORDER

6.2.    **Meet and Confer:**  A Party that objects to a Designating Party's confidentiality designation must do so in good faith and must begin the process of conferring directly (in voice to voice dialogue or by written communication) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was improper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    **Judicial Intervention:**  If the Parties cannot reach an agreement regarding the propriety of a challenged confidentiality designation, the challenging Party shall file and serve a motion challenging the designation under Civil Local Rule 251 within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    **Basic Principles:**  A Receiving Party may use Protected Material disclosed or produced by another Party or Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that is consistent with the firm's storage of client files.

7.2. **Disclosure of "CONFIDENTIAL" Information or Items:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, as defined in Section 2.6 of this Order;

(b) the General Counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" attached hereto as Exhibit A;

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors (as defined in this Order) to whom disclosure is reasonably necessary;

(f) professional jury or trial consultants, and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A;

(g) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

(h) the author of the document or the original source of the information; and

(i) mediators or other ADR professionals retained by the Parties.

7.3. **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel, as defined in Section 2.6 of this Order;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A;

(c)     the Court and its personnel;

(d)     Court reporters and their staff, Professional Venders to whom disclosure is reasonably necessary;

(e)     professional jury or trial consultants, and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A;

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information as confirmed by written records; and

(g)     mediators or other ADR professionals retained by the Parties.

## 8.     PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in another litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must promptly notify the Designating Party, in writing, within sufficient time to allow the Designating Party to seek relief to stop the production of such Protected Material.  Such notification must include a copy of the subpoena or court order.

The purpose of imposing this duty is to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

9                           Case No. 1:16-cv-00512-LJO-SKO
STIPULATED PROTECTIVE ORDER

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person(s) execute the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Whenever any writing, testimony, information, or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is to be filed with the Court, the Parties shall follow the procedures for filing records under seal set forth in Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 140, where possible, a Party must also seek to publicly file material with the Protected Material redacted, provided that the Court has also granted the filing of an unredacted copy of the material under seal.

11. **INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

Notwithstanding anything contrary herein, if a Party or Non-Party through inadvertence or mistake produces any Protected Material without designating it with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Producing Party may give written notice to the Receiving Party that the Disclosure or Discovery Material contains Protected Material and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, the Receiving Party must treat such Disclosure or Discovery Material as Protected Material. Outside Counsel for the Parties will

agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure by the Producing Party of Protected Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in party of the Producing Party's claim of confidentiality either as to the specific information disclosed, or as to any other information relating thereto or on the same or related subject matter. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Protected Material as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

**12.    MISCELLANEOUS**

12.1.   **Right to Further Relief:** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   **Right to Assert Other Objections:** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

**13.    FINAL DISPOSITION**

Within sixty (60) days after the final termination of this action, a Receiving Party shall, upon written notice from the Designating Party, either return or certify in writing to the Producing Party that all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information has been destroyed. The written certification shall state that the Receiving Party has not retained copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, except that Outside Counsel are entitled to retain an archival copy of all pleadings, motions, papers, transcripts, legal memoranda, correspondence, or attorney work product that may contain such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Archival copies shall, however, remain subject to this Order, as set forth in Section 4 above.

**IT IS SO STIPULATED.**

Dated: July 19, 2016                          Respectfully submitted,

                                              MORGAN, LEWIS & BOCKIUS LLP


                                              By /s/ R. Brendan Fee
                                                 R. Brendan Fee
                                                 Brendan E. Radke
                                                 Kevin M. Benedicto

                                              Attorneys for Defendant and Counter-
                                              Complainants


                                              LAW OFFICES OF MICHAEL R.
                                              BARRETTE


Dated: July 19, 2016                          By /s/ Michael R. Barrette
                                                 Michael R. Barrette

                                              Attorney for Plaintiff and Counter
                                              Defendant




IT IS SO ORDERED.


Dated: **July 20, 2016**                      /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Interval Equipment Solutions Inc. v. Sandvik Mining and Construction USA LLC*, Case No. 1:16-cv-00512-LJO-SKO ("Protective Order"). I hereby agree to comply with and be bound by all of the terms and conditions of this Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone other than the persons authorized in accordance with Section 7.2 and 7.3 of the Protective Order.

5. When I have completed by assigned or legal duties relating to this litigation, I will promptly return or destroy all Protected Material in my possession, or that I have prepared relating to such Protected Material, to counsel for the Party by whom I am employed or retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

6. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

7. I understand that any disclosure or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2016 at _____.

_____